NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

AMY GINSBERG, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

AMAZON.COM SERVICES LLC, *Respondent Employer,*

AMERICAN ZURICH INSURANCE CO, *Respondent Carrier.*

No. 1 CA-IC 23-0020
FILED 05-14-2024

Special Action – Industrial Commission
ICA Claim No. 20222210569
Carrier Claim No. 4A2207XK32W-0001
The Honorable Kevin B. Berkowitz, Administrative Law Judge

**AFFIRMED**

COUNSEL

Amy Ginsberg, Sun City West
*Petitioner*

Jardine, Baker, Hickman & Houston, P.L.L.C, Phoenix
By Stephen C. Baker
*Counsel for Respondent Employer & Carrier*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
Counsel for Respondent

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**C R U Z**, Judge:

¶1        Amy Ginsberg appeals an Industrial Commission of Arizona ("ICA") decision finding her medically stationary as of April 5, 2023.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        In 2022, Ginsberg worked for Amazon when she was assigned to the area known as "non-con." It handled the heaviest and biggest packages that could not be placed on the warehouse's conveyor belt. Ginsberg remained in the "non-con" area for 1 month, where she was required to make twisting, lifting of heavy objects, and turning movements to perform job duties.  Ginsberg was injured while working in the "non-con" area and began to experience upper left back pain and left shoulder pain.

¶3        Ginsberg sought treatment for her injury from Dr. Eric Michael Feldman and received a series of injections and an ablation procedure.  Dr. Feldman testified Ginsberg was stationary as of April 5, 2023.  Dr. John Zoltan, who had examined Ginsberg in October 2022, testified for Respondents.  Dr. Zoltan testified he found Ginsberg stationary, that she did not have a permanent impairment, and did not require work restrictions or supportive care.

¶4        The ICA adopted Dr. Feldman's findings and ordered Ginsberg to receive temporary total or partial disability compensation and medical, surgical and hospital benefits from March 1, 2022, until her condition became medically stationary.

**¶5**          Respondents filed a request for review to determine whether Ginsberg had no permanent impairment.  They argued Ginsberg should be found to be stationary and with no permanent impairment because the ICA decision noted Dr. Feldman found Ginsberg to be stationary on April 5, 2023, and Dr. Zoltan found her to be stationary in October 2022.  The ICA modified the decision awarding Ginsberg temporary or total partial disability compensation benefits and medical, surgical and hospital benefits from March 1, 2022 through April 5, 2023.

**¶6**          Ginsberg timely appeals.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-120.21(A)(2).

## DISCUSSION

**¶7**          As a preliminary matter, Ginsberg's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13.  ARCAP 13(a)(7)(A) requires arguments to include "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the . . . record."  Ginsberg does not support her arguments with citations to the record or citations to the relevant authority.  Even if we overlook the deficiencies in the opening brief, we must affirm the ALJ's award.

**¶8**          Ginsberg does not challenge the award as unsupported by the evidence or contrary to law.  Instead, Ginsberg argues her attorney did not adequately represent her.  In civil cases, unlike criminal cases, the remedy for ineffective assistance of counsel is limited to a malpractice claim.  *See Glaze v. Larsen*, 207 Ariz. 26, 31, ¶ 20 (2004).  But Ginsberg cites no legal authority, and our independent review has revealed none, for the proposition that ineffective assistance of counsel in an ICA hearing supports a claim for relief from an ALJ's judgment.  Regardless, we do not need to answer that question today because the uncontroverted evidence and testimony from the independent medical examiner and Ginsberg's surgeon supported the award.

**¶9**          "We will affirm a Commission decision if it is reasonably supported by the evidence after reviewing the evidence in a light most favorable to sustaining the award."  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).  Both Dr. Feldman and Dr. Zoltan testified that they treated Ginsberg for her work-related upper and lower back pain, as well as her left shoulder pain.  Both doctors agreed that Ginsberg was medically stationary without permanent impairment.   Dr. Zoltan opined that

Ginsberg was medically stationary without permanent impairment as of his examination on October 13, 2022. Dr. Feldman continued to provide care for Ginsberg beyond the date of Dr. Zoltan's medical examination, including two rounds of medical branch blocks and an ablation procedure. Dr. Feldman testified that Ginsberg was stationary as of April 5, 2023. No medical evidence to the contrary was presented. Therefore, the ALJ did not err in its decision.

## CONCLUSION

¶10      We affirm.



AMY M. WOOD • Clerk of the Court
FILED: TM